UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| UNIVERSAL MUSIC CORP., MOTHER CULTURE, W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., MARK HOPPUS d/b/a HMNIM MUSIC, and TOOLSHED MUSIC, | ) ) ) ) ) | Civil Action No. 1:26-cv-7071 |
| Plaintiffs, | ) ) | |
| -against- | ) ) | |
| TIM'S SALOON, LLC and MATTHEW W. PRESCOTT, | ) ) ) | |
| Defendants. | ) ) | |

## Complaint

Plaintiffs, by their undersigned attorneys, allege:

1.      This is a suit for copyright infringement under Title 17 of the United States Code.

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3.      Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions.  EXHIBIT A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4.      The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, Defendant Tim's Saloon, LLC ("TSL") is a limited liability company organized under the laws of the State of Illinois with offices located at 321 W. 1st Street, Dixon, Illinois 61021.

6. At all times hereinafter mentioned, TSL did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Mad Water Saloon, located at 321 W. 1st Street, Dixon, Illinois 61021.

7. Musical compositions were and are publicly performed at Mad Water Saloon.

8. On information and belief, defendant Matthew W. Prescott ("Prescott" and, together with TSL, the "Defendants") is an individual who resides and/or does business in this District.

9. At all times hereinafter mentioned, Prescott was, and still is, an owner, officer, director, and/or manager of TSL.

10. At all times hereinafter mentioned, Prescott was, and still is, responsible for the control, management, operation and/or maintenance of the affairs of TSL.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Mad Water Saloon, including the right and ability to supervise and control the public performance of musical compositions at Mad Water Saloon.

12. Each Defendant derives direct financial benefit from the public performance of musical compositions at Mad Water Saloon.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF
PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13. The Plaintiffs are all members of the American Society of Composers, Authors,

---

* All references to "columns" herein refer to the numbered columns set forth in EXHIBIT A.

and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 1 million songwriter, composer, and music publisher members.

Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

14. Going back several years, ASCAP representatives have made numerous attempts to contact the Defendants. ASCAP's representatives have contacted the Defendants or their representatives via mail, telephone, and email.

15. Defendants have refused all of ASCAP's license offers for Mad Water Saloon.

16. ASCAP's various communications gave Defendant notice that unlicensed performances of ASCAP's members' musical compositions at Mad Water Saloon constitute infringement of ASCAP's members' copyrights in their musical works.

17. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Mad Water Saloon, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

18. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

19. The composition named in cause of action 1 was registered as unpublished compositions on the dates stated in Column 5, and since the dates of registration have been

3

printed and published in strict conformity with Title 17 of the United States Code.

20. The compositions named in causes of action 2 through 4 were published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17 of the United States Code.

21. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22. The composition named in cause of action 1 is now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued a Certificate of Registration of the claim of the renewal of copyright in the name of that claimant listed in Column 7. The date and identification number of the renewal certificate are set forth in Column 8.

23. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at Mad Water Saloon, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances at Mad Water Saloon of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or

otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. The many unauthorized performances at Mad Water Saloon include the performances of the four copyrighted musical compositions upon which this action is based

27. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

28. The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions — or any of them — and from causing or permitting the said compositions to be publicly performed at Mad Water Saloon, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

5

III.    That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

For such other and further relief as may be just and equitable.

Dated: June 16, 2026

Respectfully submitted,

UNIVERSAL MUSIC CORP., MOTHER CULTURE, W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., MARK HOPPUS d/b/a HMNIM MUSIC, and TOOLSHED MUSIC

 /s/ Kevin Tottis
Kevin Tottis (ARDC No. 6193853)
ktottis@tottislaw.com
Keith Stolte (ARDC No. 6244848)
kstotle@tottislaw.com
TottisLaw
401 N. Michigan Avenue
Suite 530
Chicago, IL 60611
Tel: (312) 527-1400
Fax: (312) 589-7192

*Attorneys for Plaintiffs*

6